UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SCOTT LINTZ,** | ) | **CASE NO. 1:13 CV 1088** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | <u>**MEMORANDUM OF OPINION**</u> |
| **BENNIE KELLY,** | ) | <u>**AND ORDER**</u> |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Scott Lintz filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 conviction in Lake County, Ohio on two counts of attempted felonious assault. He asserts: (1) the trial court erred by correcting a typographical error in his sentencing journal entry rather than vacating his sentence and conducting a new sentencing hearing; (2) the trial court erred by denying his motion to withdraw guilty plea; (3) he was denied the effective assistance of trial counsel; (4) the trial court erred in deciding his claim of allied offenses of similar import was barred by *res judicata*; (5) the trial court erred in ordering restitution without conducting an evidentiary hearing to determine the victim's actual damages; and (6) the trial court erred by predetermining it would not give him a new sentence to correct a typographical error in the way in which post release control was stated.

**I. BACKGROUND**

Petitioner was indicted on February 15, 2008 in the Lake County Court of Common Pleas on four counts of felonious assault and four counts of aggravated assault. He entered into a plea agreement in which he agreed to plead guilty to two counts of attempted felonious assault in exchange for the state's agreement to dismiss all of the other charges. The court accepted Petitioner's guilty plea and referred the matter to the Adult Probation Department for a presentence investigation and report, victim impact statement, and psychological evaluation. He was sentenced on July 14, 2008 to three years on the first count, and four years on the second count to run consecutively to each other for a total of seven years incarceration. Although the court stated to Petitioner he would be subject to a mandatory term of three years of post release control, the journal entry incorrectly stated post release control would be optional for a maximum of three years. Petitioner did not appeal from this judgment.

Five months after sentencing, Petitioner filed a post conviction petition in the trial court. The court denied the petition without a hearing on February 4, 2009. He filed an appeal of that decision; however, the appeal was dismissed as untimely. *See State v. Lintz*, No. 2009-L-099, 2009 WL 3720688 (Ohio App. 11 Dist. Nov. 6, 2009).

Thereafter, Petitioner filed a series of motions in an attempt to continue seeking post conviction relief. The trial court denied these motions on the basis of *res judicata*. He filed an appeal, but voluntarily withdrew it. In its place, he filed a Motion to Withdraw Guilty Plea which the trial court denied. He filed a Motion for Reconsideration of this decision, which was also denied.

Three months later, Petitioner filed an "Omnibus Motion" which included a Motion to Vacate Void Judgment, a Motion to Withdraw Guilty Plea, a Motion to Dismiss, a Motion for

-2-

Production of Grand Jury Transcripts to Support his Motion to Dismiss, a Motion for Appointment of Counsel, a Motion to be Conveyed to Court and a Request for an Evidentiary Hearing. The trial court determined on April 23, 2010 that all of the issues raised in the motions were without merit except for his claim that his sentencing entry failed to state the correct post release control sanction. The trial court conducted a hearing pursuant to Ohio Revised Code §2929.191 and corrected Petitioner's mandatory post release control sanction in a *nunc pro tunc* entry.

Petitioner appealed that Order to the Ohio Eleventh District Court of Appeals. He asserted seven grounds for relief:

> 1. The trial court abused its discretion and/or committed plain error in violation of the Ohio and United States Constitutions when the trial court resentenced the appellant, pursuant to R.C. 2929.191 as this remedial statute [and] is in conflict with Crim. R. 32, Sup. R. 39, *State v. Owens*, 181 Ohio App.3d 725..., divesting the trial court of jurisdiction to re-sentence the appellant[.]
>
> 2. The trial court abused its discretion and/or committed plain error in violation of the Ohio and United States Constitutions when the court denied the appellant's pre-sentence oral and written motions to withdraw his guilty plea based on his assertions he was not guilty in any way shape or form of the charges *State v. Cuthbertson* (2000), 139 Ohio App.3d 895...[.]
>
> 3. The trial court abused its discretion and/or committed plain error in violation of the Ohio and United States Constitutions when the court denied the appellant's pre-sentence oral and written motions to withdraw his guilty plea when the appellant demonstrated he was mentally unstable and under the influence of drugs at the time of his guilty plea[.]
>
> 4. The appellant was denied effective assistance of counsel, pursuant to the Ohio and United States Constitutions, by counsels (sic) failure and/or refusal to investigate the case, procure discovery, inform appellant of all plausible options, object and by coercing appellant to plead guilty for crimes he did not commit

>and to plead guilty while under the influence drugs and while mentally unstable[.]
>
>5. The trial court abused its discretion and/or committed plain error in violation of the Ohio and United States Constitutions by sentencing the appellant consecutive for allied offenses of similar import, in violation of R.C. 2941.25(A) *State v. Ulrich*, 2009–Ohio–4610[.]
>
>6. The trial court abused its discretion and/or committed plain error in violation of the Ohio and United States Constitutions by ordering a restitution order without first conducting an evidentiary hearing to determine whether the alleged victims actually sustained any damages in the amount claimed, as the appellant is indigent *State v. Riley*, (2009), 2009–Ohio–3227 (Ohio App. 6th Dist.Ct.App.)[.]
>
>7. The trial court abused its discretion and/or committed plain error in violation of the Ohio and United States Constitutions by vindictively making a pre-determination of the appellants (sic) sentence prior to the sentence hearing, *State v. Garrett*,... (Ohio App.2nd, Dist. Ct. App., 2008–Ohio–1752[).]

*See State v. Lintz*, No. 2010–L–067, 2011 WL 6339816, at *3 (Ohio App. 11 Dist. Dec. 19, 2011). The Court of Appeals found the first and seventh assignments of error to be without merit, while the second, third, fourth, fifth, and sixth assignments of error were barred by *res judicata*. *Id.* at *5-7. Petitioner's *pro se* Motion for Reconsideration filed December 28, 2011 in the Court of Appeals under Ohio App. R. 26(A)(1) was denied.

Petitioner filed an appeal of this decision to the Ohio Supreme Court on March 14, 2012. He raised seven Propositions of Law:

>1. Does a trial court error (sic) when the trial court resentences a defendant, pursuant to R.C. 2929.191, as this remedial statute is in conflict with Crim. R, 32, Sup. R. 39, *State v. Owens*, 181 Ohio app. 3d 725, divesting the trial court of jurisdiction to resentence a defendant.
>
>2. Does a trial court error (sic) in violation of the Ohio and

>United States Constitutions when the Court denies a defendant's pre-sentence oral and written motion to withdraw his guilty plea based on his assertions he was not guilty in any way shape or form of the charges.
>
>3. Does a trial court error (sic) in violation of the Ohio and United States Constitutions when the court denies a defendant's pre-sentence oral and written motion to withdraw his guilty plea when the defendant demonstrates he was mentally unstable and under the influence of drugs at the time of his guilty plea.
>
>4. Is a defendant denied the effective assistance of counsel pursuant to the Ohio and United States Constitutions by counsel's failure and /or refusal to investigate the case, procure discovery, inform the defendant of all plausible options, object and by coercing a defendant to plea (sic) guilty for crimes he did not commit and to plea (sic) guilty while under the influence of drugs and while mentally unstable.
>
>5. Does a trial court act outside of its jurisdiction by sentencing a defendant to a greater sentence than allowed by law, when the sentence is an allied offense of similar import, R.C. 2941.25 and does the trial court retain jurisdiction to correct the sentence that is contrary to law at any time and not be subjected to *res judicata* or law of the case.
>
>6. Does a trial court error (sic) in violation of the Ohio and United States Constitutions by ordering restitution without first conducting an evidentiary hearing to determine whether the victim actually sustained any damages in the amount claimed as the appellant is indigent and does the court act outside of it's jurisdiction rendering the order void.
>
>7. Does a trial court error (sic) in violation of the Ohio and United States Constitutions by vindictively making a predetermination of a defendant's sentence prior to the sentencing hearing.

*See State v. Lintz*, No. 2012-0444 (Ohio S. Ct. filed Mar. 14, 2012). The Ohio Supreme Court declined leave to appeal on denied May 9, 2012.

Thereafter, Petitioner filed the within Petition for a Writ of Habeas Corpus pursuant to

28 U.S.C. § 2254. As grounds for relief, he attaches a photocopy of the seven Propositions of Law he raised in the Ohio Supreme Court in *State v. Lintz*, No. 2012-0444 (Ohio S. Ct. filed Mar. 14, 2012).

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774-76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

### III.  PROCEDURAL BARRIERS TO HABEAS REVIEW

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is

fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of

-8-

constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir.1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

To determine if a claim is procedurally defaulted the court must determine whether: (1) there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of

justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

## IV. PROCEDURAL DEFAULT

Although Petitioner raised each of his claims in the state courts, his second, third, fourth, fifth, and sixth are procedurally defaulted. When he raised these grounds in his appeal of his Omnibus Motion, the Eleventh District Court of Appeals determined they were barred by the doctrine of *res judicata* because they could and should have been asserted on direct appeal.

Ohio has a rule requiring claims to be raised on direct appeal if possible, or be barred from litigation in subsequent proceedings by the doctrine of *res judicata*. *See State v. Perry*, 10 Ohio St.2d 175, 180 (1967), syllabus para. 8, 9. This rule is consistently applied by the State, and presents an adequate and independent state ground that can foreclose federal review. *Buell v. Mitchell*, 274 F.3d 337, 348-49 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 554-56 (6th Cir. 2000). The Court of Appeals applied that rule to Petitioner's second, third, fourth, fifth, and sixth grounds for relief and barred consideration of them on the merits. Because the

state courts did not consider these claims on the merits, they are procedurally defaulted.

When a claim is procedurally defaulted, federal habeas review is barred unless the Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner can overcome a procedural default by showing (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. *See Maupin*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Hutchison v. Bell*, 303 F.3d 720, 735 (6th Cir. 2002); *Combs v. Coyle*, 205 F.3d 269, 274-75 (6th Cir. 2000). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 484 (1986). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'" *Hargrave–Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir.2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991)). To establish prejudice, Petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

The Petitioner does not suggest any factor external to the defense precluded him from raising these claims in an appeal of his conviction or in his original post conviction proceedings. In fact, he offers no explanation at all for his failure to properly assert his claims on appeal, and

therefore has not demonstrated "cause" for the default.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495-96). Petitioner states he is innocent of the underlying conviction but offers no facts to support or explain this assertion. To the contrary, he pled guilty to the offenses. There is no suggestion that a fundamental miscarriage of justice occurred as a result of this procedural default. Consequently, Petitioner's second, third, fourth, fifth, and sixth grounds for habeas relief are procedurally default and barred by federal habeas review.

## V. FIRST AND SEVENTH GROUNDS

While Petitioner's first and seventh grounds for relief are properly exhausted, they do not assert claims cognizable in habeas review. Those grounds are stated as violations of Ohio law, not federal constitutional law. His first ground for relief contends the trial court erred by correcting the post conviction portion of his sentence pursuant to Ohio Revised Code § 2929.191, which he claims is in conflict with Ohio Crim. R. 32, Ohio Sup. R. 39, and an Ohio appellate court case. His seventh ground for relief is similar and contends the trial court erred by simply correcting the post release control portion of his sentence through a *nunc pro tunc* order rather than conducting a new sentencing hearing *de novo*. He claims the court was biased because it predetermined his original sentence would not change when it corrected the language of his term of post release control. While Petitioner states without explanation in his seventh

ground that the trial court violated "the Ohio and United States Constitutions," his ground is based on the same alleged violation of state law as his first ground for relief.

Generally, a federal habeas court sitting in review of a state court judgment should not second guess a state court's decision concerning matters of state law. *Gall v. Parker*, 231 F.3d 265, 303 (6th Cir. 2000) ("Principles of comity and finality equally command that a habeas court can not revisit a state court's interpretation of state law, and in particular, instruct that a habeas court accept the interpretation of state law by the highest state court on a petitioner's direct appeal."). Therefore, a claim based solely on an error of state law is not redressable through the federal habeas process. *Id.*

It is especially inappropriate for a federal habeas court to set aside a state court's ruling on an issue of state law where, as in the present situation, Ohio's appellate courts have already found Petitioner's claim of a violation of his Ohio statutory rights to be meritless. *See State v. Lintz*, No. 2010–L–067, 2011 WL 6339816, at *3 (Ohio App. 11 Dist. Dec. 19, 2011). Citing the Ohio Supreme Court's decision in *State v. Singleton*, 124 Ohio St. 3d 173, the Eleventh District Court of Appeals determined Ohio Revised Code § 2929.191 contained a correction provision which permitted the trial court to issue a *nunc pro tunc* order to clarify the imposition of post release control and this correction has the same effect as if the court had originally included it in the Petitioner's sentence. *See State v. Lintz*, No. 2010–L–067, 2011 WL 6339816, at *3. While Petitioner may object to this interpretation of Ohio Revised Code § 2929.191, and feels the statute is in conflict with other Ohio Rules and statutes, the federal habeas statute does not permit this Court to revisit the Ohio courts' interpretation of it own law.

## V. CONCLUSION

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus (ECF No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

**IT IS SO ORDERED**.

*/s/Dan Aaron Polster 10/10/13*
**Dan Aaron Polster**
**United States District Judge**